## Case No. 14,128.

### TRACY v. TRACY et al.

[5 McLean, 456.] [1]

Circuit Court, D. Ohio. April Term, 1853.

JUDGMENT—LIEN—EFFECT OF REVIVAL—PRIORITIES.

1. If a judgment become dormant its lien is lost, as against a mortgage executed by the judgment creditor, during the continuance of the judgment lien.

[Cited in Flagg v. Flagg, 58 N. W. 111; McCormick v. Wheeler, 36 Ill. 124.]

2. A revival of the judgment cannot affect prior liens.

3. But such revival gives a lien on the land of the defendant, not included in the mortgage, and which has on it no prior liens.

In equity.

Swan & Andrews, for complainant.
Mr. Curtis, for defendant.

OPINION OF THE COURT. This case is brought before the court to have determined the priority of certain liens. There are seven distinct parcels of land. The liens of Morrison, Young, and Vose, stated as liens 1, 2, and 3, extend to the seven parcels of land. A judgment in favor of Hurd was rendered in the year 1841. The mortgage of H. D. Tracy was executed in 1843, on four of the seven tracts of land. The judgment of Hurd became dormant, and was revived in 1847. The proceeds of the sales of all the lands amounted to the sum of $10,940. The proceeds of the four tracts included in Tracy's mortgage amounted to the sum of $8,375. The proceeds of the remaining three parcels, not included in the mortgage, but embraced in the levy under Hurd's judgment are $2,545. The amount of the first three liens, which are prior to both the judgment of Hurd and mortgage of Tracy, with the costs of this suit, and the charges of the administrator, amount to about the sum of $8,950, leaving a balance applicable to liens No. 4 and 5, of the reported liens of $1,970. If after judgment and levy on lands, the judgment debtor executes a mortgage, and the judgment becomes dormant, the revival of the judgment does not operate to the prejudice of the mortgage lien; but in such case the mortgage lien becomes perfect, and the judgment lien on the mortgaged premises is lost. Norton v. Beaver, 5 Ohio, 178; Miner v. Wallace, 10 Ohio, 403; Lessee of Paine v. Moreland, 15 Ohio, 435. In this case Hurd's judgment having become dormant, and Tracy's mortgage having intervened, the mortgage lien become paramount to that of the judgment. The three prior liens must be satisfied out of the proceeds of all the tracts of land. The revived judgment gives a paramount lien to that of the mortgage on the land, not included in the mortgage.

1 [Reported by Hon. John McLean, Circuit Justice.]